# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL WILLIAMS, <br> Petitioner <br> v. <br> DON BARNES, et al., <br> Respondents. | Case No. 8:19-cv-00733-FMO (GJS) <br><br> **ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE PURSUANT TO PETITIONER'S REQUEST** |

On July 15, 2019, Petitioner filed a Notice of Voluntary Dismissal, seeking to dismiss this 28 U.S.C. § 2241 immigration habeas action [Dkt. 17, "Notice"]. In the Notice, Petitioner – through counsel – states that he has decided to voluntarily dismiss his habeas petition without prejudice, because Respondents have obtained travel documents to effect his removal from the United States to Samoa.

Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action without a court order before the opposing party serves either an answer or a motion for summary judgment or if the parties have stipulated to a dismissal. As Respondent filed a Return in this case on May 20, 2019 [Dkt. 10] and no stipulation to dismiss this case if before the Court, Petitioner may voluntarily dismiss this case only by way of court order "on terms that the court

considers proper." Fed. R. Civ. P. 41(a)(2); *see also Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (Rule 41(a)(2) "allows a plaintiff, pursuant to an order of the court and subject to any terms and conditions the court deems proper, to dismiss the action without prejudice at any time"). Whether to allow dismissal under Rule 41(a)(2) is within the Court's discretion. *Id.* The general policy is to allow dismissal unless the opposing party will suffer some form of legal prejudice as a result. *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). The threat of defending against a second lawsuit in the future does not constitute legal prejudice. *Id.*; *see also Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

The impetus for this case – Petitioner's contention that he was being detained on a prolonged basis without any reasonably foreseeable removal date – shortly will become moot given Petitioner's now likely imminent removal from the United States. *See, e.g., Kittel v. Thomas*, 620 F.3d 949, 951-52 (9th Cir. 2010). There is no apparent relief that the Court can grant Petitioner, and thus, there is no reason to deny his request to voluntarily dismiss this action. Accordingly, IT IS ORDERED that this action is dismissed without prejudice pursuant to Rule 41(a)(2). Judgment shall be entered accordingly.

DATED: July 22, 2019

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE